CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 1 0 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

NIXON PLAISIR,                          )
                                        )
        Petitioner,                     )        Case No. 7:06CV00470
                                        )
v.                                      )        **MEMORANDUM OPINION**
                                        )
UNITED STATES OF AMERICA,               )        By: Hon. James C. Turk
                                        )        Senior United States District Judge
        Respondent.                     )

Petitioner, Nixon Plaisir ("Plaisir"), proceeding pro se, brings this action as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (2006). Plaisir claims that he did not enter into his plea agreement knowingly, intelligently, or voluntarily and that he was denied effective assistance of counsel at sentencing. Respondent filed a Motion to Dismiss to which Plaisir filed a timely response[1], making the matter ripe for the court's consideration. Upon review of the submissions of the parties and the underlying criminal record, Case No. 5:02CR30098, the court finds that Plaisir waived his claims in his plea agreement. Accordingly, the court finds that Respondent's Motion to Dismiss must be granted.

---

[1]   Plaisir's response consists only of a new argument: that, following the United States Supreme Court's decisions in United States v. Booker, 543 U.S. 220 (2005), and Blakely v. Washington, 542 U.S. 296 (2004), the plea bargain contract should be void due to the fact that the contract stated that the sentencing guidelines were mandatory. Plaisir's Booker and Blakely claims are not cognizable in this 2255 action, however. The Fourth Circuit Court of Appeals held that Plaisir's waiver of his right to appeal any sentencing guidelines claims was valid and held that his claims under Blakely were foreclosed under that waiver. United States v. Plaisir, No. 04-4408, 2005 WL 1704746 (4th Cir. July 21, 2005); see also United States v. Blick, 408 F.3d 162, 170 (4th Cir. 2005) (holding that where the government seeks enforcement of an appeal waiver, and there is no claim that the government breached its obligations under the plea agreement, the Court of Appeals will enforce the waiver to preclude a defendant from appealing a specific issue, including a claim under Booker or Blakely, if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver). Similarly, as will be addressed in the next section, the court finds that Plaisir's waiver to collaterally attack any part of the sentence imposed by the court is valid and therefore the merits of his Booker and Blakely claims will not be considered.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 14, 2002, a federal grand jury charged Plaisir with one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846, and two counts of drug distribution, in violation of 21 U.S.C. § 841(a)(1). Plaisir pleaded guilty on July 28, 2003, pursuant to a written plea agreement, to conspiring to distribute and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count One (1)). Under the terms of the plea agreement, the United States agreed to recommend a three level reduction in offense level for acceptance of responsibility and a period of incarceration at the low end of the applicable guideline range. Section five (5) further elaborates that "the Court is not bound by this recommendation and may sentence up to the maximum provided by law." In exchange for these concessions, Plaisir specifically waived his right to collaterally attack the conviction or sentence pursuant to § 2255. Section seven (7) states: "I am knowingly and voluntarily waiving any right to appeal Sentencing Guidelines factors, and am voluntarily willing to rely on the Court in sentencing me." Section eight (8) states: "I further agree to waive my right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon me by the Court." Section seventeen (17) waives any claim of ineffective assistance of counsel. Finally, sections one (1) and eighteen (18) make clear that the matter of sentencing " is within the sole discretion of the Court" and that "if the sentence is more severe than I expected, I will have no right to withdraw my guilty plea." After questioning Plaisir and hearing the government's evidence in support of the plea, the court made a factual determination that Plaisir's pleas were knowingly and voluntarily made and found him guilty of Count One (1).

On May 17, 2004, the court conducted a sentencing hearing. Plaisir had a criminal history category of one (1) and was given three (3) points for acceptance of responsibility. Ultimately, the court found that Plaisir's Total Offense Level was 35, based on the pre-sentence report and other evidence presented at the sentencing hearing. Accordingly, the Sentencing Guidelines range for Plaisir was 168-210 months imprisonment. The court sentenced Plaisir to 168 months imprisonment, to be followed by a five-year term of supervised release. Pursuant to the plea agreement, Counts Two (2) and Three (3) of the superseding indictment were dismissed.

## II. STANDARD OF REVIEW

In order to move the court to vacate, set aside or correct sentence under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 (2006). In this case, Plaisir predicates his claims on the first ground, claiming that his sentence was imposed in violation of the Constitution or laws of the United States. Plaisir bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998); Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

## III. ANALYSIS

### A. PLAISIR'S VALID GUILTY PLEA AND WAIVER

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Waivers of collateral review are analyzed under a two-

- 3 -

part analysis in which both the validity and the scope of the waiver are considered. See, e.g., United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994) (holding that a waiver will be enforced if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver). The validity of a waiver "depends on whether the defendant knowingly and intelligently agreed to waive the right." Id. at 731-32. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22; see also United States v. Brown, 232 F.3d 399, 405-06 (4th Cir. 2000) (holding that a defendant's statements during the plea colloquy and evidence that he discussed the terms of the waiver provision with counsel and fully understood them provide powerful evidence that the waiver is valid). If the court determines that a petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. Id. at 220 (internal quotations and citations omitted). Although the validity determination is often made based on the "adequacy of the plea colloquy–specifically, whether the district court questioned the defendant about the [ ] waiver–the issue ultimately is 'evaluated by reference to the totality of the circumstances.'" United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (quoting United States v. General, 278 F.3d 389, 399, 401 (4th Cir. 2002). Thus, the determination "'must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" Id. (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)).

- 4 -

That does not end the inquiry, however. The court must also consider the scope of the plea agreement: that is, whether it prevents the court from considering the particular claims the defendant asserts in his § 2255 claim. The Court of Appeals for the Fourth Circuit has distinguished a narrow class of claims that fall outside the scope of an enforceable waiver of direct appeal rights: (1) claims that the sentence exceeds the maximum statutory penalty, (2) claims that the sentence rests on a constitutionally impermissible factor such as race, or (3) claims that defendant was deprived of the assistance of counsel at a proceeding after the entry of the waiver, such as at sentencing.[2] Attar, 38 F.3d at 732; United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); see also Blick, 408 F.3d at 169. Thus, in addition to evaluating the validity of Plaisir's guilty plea and waiver of § 2255 rights, I must determine whether each of his § 2255 claims falls within the scope of that waiver.

Here, the record fully establishes that Plaisir knowingly and intelligently entered a valid guilty plea and waived his right to collaterally attack his sentence, including any proceeding brought under § 2255. In his plea agreement, Plaisir specifically agreed to "waive [his] right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon [him] by the Court." The language and meaning of the § 2255 waiver is clear and unmistakable, and both Plaisir and his attorney represented by their signatures to the plea agreement that Plaisir had been fully advised of, and understood, its terms. Moreover, pursuant to Federal Rule of Criminal Procedure 11, before accepting the guilty plea, the court engaged in a lengthy colloquy with Plaisir. During the plea colloquy, the court specifically questioned Plaisir about his understanding of the plea agreement. Guilty Plea Hr'g Tr. 5-6. The court asked Plaisir

---

[2]   In Lemaster, the court implicitly acknowledged that these discrete claims would also be considered outside the scope of a valid plea agreement waiver of § 2255 rights. 403 F.3d at 220 n. 2.

- 5 -

whether he had read and signed the plea agreement to which Plaisir gave an affirmative answer. Guilty Plea Hr'g Tr. 4-6. The court specifically confirmed that Plaisir understood the agreement. Guilty Plea Hr'g Tr. 5-6. The transcript reveals that Plaisir answered in the affirmative when the court asked him on two separate occasions if he understood that he could be sentenced up to life in prison for his offense. Guilty Plea Hr'g Tr. 5, 13. Plaisir indicated to the court that he was twenty-six years old, had completed the twelfth grade in school, could read and write and understand the English language[3], and was not under the influence of alcohol or of any drug that hampered his ability to understand the proceedings. Guilty Plea Hr'g Tr. 7-8. Plaisir affirmed that he was fully satisfied with the counsel, representation, and advice given by his attorney up to that point. Guilty Plea Hr'g Tr. 8-9. He denied that anyone had made any promise to him, outside the provisions of the plea agreement, or otherwise forced him to plead guilty. Guilty Plea Hr'g Tr. 8. The court informed Plaisir that, under the plea agreement, he was waiving his right to appeal his sentence and his right to file a collateral attack on his sentence or his conviction. Guilty Plea Hr'g Tr. 19. The court determined, after conducting the plea colloquy, that Plaisir's plea was knowing and voluntary. Guilty Plea Hr'g Tr. 17.

Therefore, the court finds that Plaisir knowingly and voluntarily entered a valid guilty plea and a valid waiver of his right to collaterally attack his sentence under § 2255. The court specifically pointed out the waiver provisions to Plaisir during the plea hearing. Plaisir indicated that he

---

[3] The court finds Plaisir's third claim that he does not speak English and, therefore, did not understand his plea agreement to be without merit. The guilty plea and sentencing transcripts make it clear that Plaisir has a sufficient grasp of the English language. Moreover, his attorney, Ms. McAdoo, indicates in her affidavit that, even though she is fluent in French, she conducted most of her meetings with Plaisir in English. McAdoo Aff. 7. Ms. McAdoo further states that she did not believe that an interpreter was necessary for Plaisir to comprehend or participate in the plea proceeding. McAdoo Aff. 7. She also states that Plaisir never advised her that he did not understand any of the proceedings. McAdoo Aff. 8. Accordingly, the court will grant Respondent's Motion to Dismiss as to this claim.

- 6 -

understood the elements of the charges against him, and the consequences of his guilty plea and was voluntarily entering the plea. Moreover, he was sentenced to 168 months, in keeping with the plea agreement for which he bargained and within statutory limits. The court also finds that Plaisir's claims fall within the scope of that waiver. Plaisir does not allege any of the narrow class of claims that fall outside the scope of an enforceable waiver. Accordingly, the court will grant Respondant's Motion to Dismiss.

## B. PLAISIR'S INEFFECTIVE ASSISTANCE CLAIMS

Regardless, the court finds that Plaisir's claim of ineffective assistance fails on the merits. Plaisir argues that the 1.5 kilograms of "crack" cocaine attributed to him in the presentence report was excessive and that Ms. McAdoo should have challenged the drug weight. This drug weight calculation resulted in a sentencing guideline range of 168-210 months. Plaisir maintains that, had Ms. McAdoo provided him with effective assistance of counsel, he would have received a sentence of ten (10) years rather than the fourteen (14) year (168 month) sentence that was imposed.

Plaisir bears the burden of establishing that counsel's failure rose to the level of a Sixth Amendment violation under Strickland v. Washington, 466 U.S. 668, 687 (1984). To prevail on an ineffective assistance of counsel claim, a habeas corpus petitioner must satisfy the two-pronged test set forth in Strickland. First, Petitioner must show "that counsel's performance was deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, Petitioner must show "that the deficient performance prejudiced the defense" to the extent that he was deprived of a fair trial. Id. The prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.

- 7 -

at 694. <u>Strickland</u> establishes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689.

Upon review of the record, the court finds that Plaisir is unable to demonstrate that Ms. McAdoo's performance was deficient. Ms. McAdoo states in her affidavit that she repeatedly advised Plaisir, both orally and in writing, that his guilty plea would result in a sentence of at least ten (10) years but that the sentence could be higher. McAdoo Aff. 1. Her affidavit makes it clear that she adequately discussed the sentencing guidelines with Plaisir and that she informed him that the actual length of his sentence depended upon the court's determination of his role in the offense and the quantity of drugs for which he was responsible. McAdoo Aff. 2-3. Furthermore, Ms. McAdoo did file objections to the presentence report concerning Plaisir's role in the offense[4] and the drug weight calculation but withdrew the latter objection when she determined that the Government could easily establish that Plaisir was legally responsible for over 1.5 kilograms of "crack" cocaine based upon foreseeable drug weight attributed to co-conspirators. McAdoo Aff. 4-6. The record reveals that the Government's evidence was indeed sufficient to prove this drug amount. Guilty Plea Tr. 21-29; Sent. Tr. 6-10. McAdoo Aff. 4. Finally, Plaisir failed to voice any concerns during his sentencing about his counsel's assistance and answered in the affirmative when the court asked Plaisir whether the "sentence imposed was in keeping with the plea agreement." Sent. Tr. 13.

Based on the foregoing, I conclude that defense counsel provided adequate and effective assistance to petitioner at the sentencing proceedings "and made all significant decisions in the

---

[4] The court notes that Ms. McAdoo's objection concerning Plaisir's role in the offense resulted in the probation officer agreeing to take off three levels for "role in the offense," reducing Plaisir's possible sentence from a range of 235-293 months at level 38 to a range of 168-210 months at level 35. McAdoo Aff. 4.

- 8 -

exercise of reasonable judgment." <u>Strickland</u>, 466 U.S. at 690. Ms. McAdoo's decision to withdraw her objection, in light of the government's evidence, was not unreasonable. Petitioner's ineffective assistance of counsel claim is thus without merit.[5]

## V. CONCLUSION

"Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain." <u>United States v. Ringling</u>, 988 F.2d 504, 506 (4th Cir. 1993). Plaisir knowingly and intelligently agreed to waive his right to collaterally attack his sentence in exchange for several concessions made by the United States, and he was sentenced in the manner to which he agreed. The United States has adhered to its part of the plea bargain. Granting Plaisir relief on the issues he has raised, under these circumstances, would unfairly deny the United States an important benefit of its bargain. For all of the foregoing reasons, the court holds that Plaisir's § 2255 waiver is valid and that the issues he has raised in his habeas motion are within the scope of his waiver. Accordingly, I will grant the Motion to Dismiss. An appropriate Order shall be issued this day.

ENTER: This _10th_ day of July, 2007.

James C. Turk

~~Hon.~~ James C. Turk
Senior United States District Judge

---

[5] Even assuming that Plaisir can establish deficient performance, he still cannot establish that he was prejudiced as the court finds no indication that the result of the sentencing proceeding would have been different. It is clear that the presentence report calculations were supported by the evidence.

- 9 -